IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| JANET MAE COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-1170-STA-egb |
| ) | |
| MCNAIRY COUNTY, TENNESSEE; ) | |
| MCNAIRY COUNTY SHERIFF'S ) | |
| DEPARTMENT, a division of McNairy ) | |
| County, Tennessee; and RICKY ROTEN, ) | |
| individually and in his official capacity ) | |
| as Sheriff of McNairy County, ) | |
| ) | |
| Defendants. ) | |

---

### ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

---

Before the Court is Defendants' Motion for Partial Dismissal (D.E. # 7), filed on July 20, 2011.  Plaintiff filed a Response in Opposition (D.E. # 9) on August 17, 2011.  The parties submitted an Agreed Order and Stipulations on Defendants' Motion for Partial Dismissal for the Court's approval, and the Court entered the Agreed Order on January 4, 2012.  (D.E. # 14.)  For the following reasons, Defendants' Motion is **GRANTED**.

### BACKGROUND

On June 13, 2011, Plaintiff filed a Complaint alleging four counts: Defendants' liability under the Tennessee Governmental Tort Liability Act ("TGTLA"), 42 U.S.C. § 1983, negligence, and punitive damages.  (D.E. # 1.)  Defendants' Motion for Partial Dismissal addressed the TGTLA, negligence, and punitive damages claims, as well as dismissal of the

McNairy County Sheriff's Department and Sheriff Roten.  (Defs.' Mot. to Dismiss, D.E. # 7-1, at 3-9.)  On January 4, 2012, the Court signed and entered the parties' Agreed Order and Stipulations on Defendants' Motion for Partial Dismissal.  (D.E. # 14.)

The Agreed Order addressed all of the issues in Defendants' Motion except for Defendants' contention that the Court should decline to exercise supplemental jurisdiction over Plaintiff's TGTLA claim.  (*Id.*)  The parties stipulated that McNairy County, Tennessee ("McNairy County"), is the proper party defendant in the lawsuit and that it was timely served with process.  (*Id.* at 2.)  The parties also stipulated that McNairy County "cannot present a defense by any means or method whereby [McNairy] County asserts that liability should be assessed to the [McNairy County] Sheriff's Department or [Sheriff Ricky] Roten."  (*Id.*)

Therefore, the Agreed Order dismissed without prejudice all of Plaintiff's claims against the McNairy County Sheriff's Department and Sheriff Ricky Roten.  (*Id.*)  Moreover, Count 3 of Plaintiff's Complaint, which alleged general negligence, was dismissed without prejudice by the agreement of the parties.  (*Id.*)  Finally, the Agreed Order dismissed with prejudice Plaintiff's claim for punitive damages.  (*Id.*)  Accordingly, the sole issue remaining before the Court regarding Defendants' Motion for Partial Dismissal is whether the Court should exercise its supplemental jurisdiction over Plaintiff's TGTLA claim.

## STANDARD OF REVIEW

Rule 12(b)(1) motions to dismiss fall into two categories: facial attacks and factual attacks.[1]  With either type of challenge, the plaintiff bears the burden of proving that jurisdiction

_____

[1]      *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

2

exists.[2]  The remaining portion of the Motion before the Court appears to be a factual attack because it challenges "the factual existence of subject-matter jurisdiction."[3]  With a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[4]

<u>ANALYSIS</u>

In Tennessee, state law claims against governmental entities and their employees are governed by the TGTLA.[5]  Ordinarily, state law claims would give this Court supplemental jurisdiction because they arise out of the same facts and form part of the same case or controversy.[6]  However, TGTLA claims must be brought in "strict compliance" with the terms of the state statute.[7]  The TGTLA confers on the state circuit courts exclusive original jurisdiction over claims brought pursuant to its provisions.[8]

A federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under § 1367(a).  Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons

---

[2]     *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

[3]     *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

[4]     *Id.*

[5]     *See* Tenn. Code Ann. § 29-20-101 *et seq*.

[6]     *See* 28 U.S.C. § 1367(a).

[7]     Tenn. Code Ann. § 29-20-201(c).

[8]     *Id.* § 29-20-307.

3

for declining jurisdiction."[9]  The Sixth Circuit has affirmed the dismissal of TGTLA claims, because "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts.  This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction."[10]

Defendants argue that the TGTLA's terms requiring exclusive original jurisdiction in state circuit court are an exceptional circumstance and that the Court should decline to exercise its supplemental jurisdiction.[11]  In response, Plaintiff argues that, although the exercise of supplemental jurisdiction is reserved to the Court's discretion, some federal courts choose to exercise supplemental jurisdiction over TGTLA claims where dismissing those claims would result in duplicative litigation and waste of judicial and litigant resources.[12]  Plaintiff avers that her state law claims arise out of the same nucleus of operative fact as her § 1983 claims and that the Court's failure to exercise its supplemental jurisdiction over the TGTLA claims would result in duplicative litigation.[13]

In light of the Tennessee legislature's "unequivocal preference" that state circuit courts have "exclusive original jurisdiction" over TGTLA claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims brought pursuant to the TGTLA in accordance

---

[9]      28 U.S.C. § 1367(c)(4).

[10]      *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 446 (6th Cir. 2000).  *See also Maxwell v. Conn*, 893 F.2d 1335 (6th Cir. 1990) (stating that the GTLA's grant of exclusive jurisdiction to the state courts "belie[d]" plaintiff's argument that he could expect to try the TGTLA claims in the same proceeding as his federal claims)).

[11]      (Defs.' Mot. to Dismiss, D.E. # 7-1, at 7.)

[12]      (Pl.'s Resp., D.E. # 9-1, at 11.)

[13]      (*Id.*)

4

with 28 U.S.C. § 1367(c)(4).[14]  Because the Court declines to accept jurisdiction over these state claims, they are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Dismissal is **GRANTED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 20, 2012.

---

[14]    *See Conner v. City of Jackson, Tenn.*, 669 F. Supp. 2d 886, 892-93 (W.D. Tenn. 2009).